# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| LESLIE ALLEN ACHTER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:13CV131 CEJ |
| | ) | |
| UNITED STATES DISTRICT COURT | ) | |
| EASTERN DISTRICT OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM

This matter is before the Court on the application of Leslie Allen Achter for a writ of habeas corpus, pursuant to 28 U.S.C. Section 2241. Because the Court lacks jurisdiction to grant the writ, this action will be dismissed.

## Background

Petitioner was found guilty of being a felon in possession of a firearm and was sentenced to a term of imprisonment of 262 months. See United States v. Achter, No. 1:93CR26 SNL (E.D. Mo.). The conviction and sentence were affirmed on appeal. See Achter v. United States, No. 94-3177 (8th Cir. April 13, 1994). Petitioner is presently incarcerated at the Federal Correctional Institution in Greenville, Illinois.

On March 18, 1998, petitioner filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. See Achter v. United States, No. 1:98CV30

SNL (E.D. Mo.). On December 3, 1998, while the motion to vacate was still pending, petitioner filed a separate application for writ of habeas corpus pursuant to 28 U.S.C. § 2241. See Achter v. United States, 4:99CV74 TCM (E.D. Mo.). On January 1999, the Court issued an order denying petitioner relief under § 2255. See Achter v. United States, No. 1:98CV30 SNL (E.D. Mo.). On March 12, 1999, the Court denied petitioner's application for writ brought pursuant to § 2241 for lack of jurisdiction. See Achter v. United States, 4:99CV74 TCM (E.D. Mo.).

**Discussion**

A district court's jurisdiction over writs filed pursuant to 28 U.S.C. § 2241 is geographically limited to the judicial district in which petitioner's custodian is located. 28 U.S.C. § 2241(a); Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004). Petitioner is currently confined in Greenville, Illinois. Petitioner's custodian, therefore, is located within the Southern District of Illinois. Consequently, this Court lacks jurisdiction to grant the writ, and this case will be dismissed pursuant to Fed. R. Civ. P. 12(h)(3).

Even if the instant application were construed as a motion to vacate under 28 U.S.C. § 2255, it would still be subject to dismissal. As set out above, petitioner previously filed a postconviction relief motion under § 2255. Section 2255(h) provides that a second or successive motion "must be certified as provided in 28 U.S.C. § 2244 by a panel of the appropriate court of appeals to contain --- (1) newly discovered

evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Here, the required certification is absent and, therefore, this Court lacks authority to entertain movant's application.

An order of dismissal will accompany this Memorandum

Dated this 19th day of September, 2013.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE